NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE K. KENYON and RICHARD W. STANFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLIENT SERVICES, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

NOW COMES Plaintiff RICHARD W. STANFIELD and DIANE K. KENYON ("Plaintiffs"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel and asserts a Class Action Complaint against Defendants CLIENT SERVICES, INC. and

**I. PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs bring this putative class action on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have filed this civil action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

3. Plaintiff DIANE K. KENYON is a citizen of California, and resides and is otherwise domiciled within the confines of this judicial district.

4. Plaintiff RICHARD W. STANFIELD is a citizen of Palm Desert, California.

5. Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Defendant CSI treated each as if he/she was a "natural person obligated or allegedly obligated to pay a[] debt."

6. Each Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

7. Plaintiffs seek to represent a class of similarly situated persons (at times "Consumers" or "putative class members") who, for the purposes of the FDCPA, are evaluated under the least sophisticated consumer standard

8. Defendant CLIENT SERVICES, INC. ("Defendant" or "CSI") is incorporated and headquartered in Saint Charles, Missouri.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant is regularly engaged in the collection of defaulted debts.

11. This putative class action related to a standard form collection letter that Defendant used to collect on defaulted consumer credit debts allegedly owed to CAPITAL ONE BANK (USA), N.A. ("Capital One").

12. Defendant Capital One is the creditor of the subject debts.

13. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District through the mailing of the subject collection letters to Plaintiffs who reside within this Judicial District.

14. This Court has supplemental jurisdiction over Plaintiffs' Rosenthal Fair Debt Collection Practices Act ("RFDCPA") claims.

**II. GENERAL ALLEGATIONS**

15. The collection letters sent to Plaintiffs derive from a standard for letter utilized by Defendant.

16. In each collection letter, Capital One is identified as the "current creditor" with regard to each of the Plaintiff's debts.

17. Both Plaintiffs incurred debts with Capital One as a result of purchasing personal and household goods on their Capital One branded credit cards.

18. When Defendant mailed the subject collection letter to each Plaintiff, Defendant was attempting to collect a consumer debt as defined by the FDCPA because the underlying debts incurred for personal and household items.

19. Defendant sent a standard form collection letter to Plaintiff STANFIELD in an attempt to collect defaulted credit card debts allegedly owed by Plaintiff STANFIELD to Capital One.

20. The collection letter sent to Plaintiff STANFIELD is dated July 15, 2019, and based upon certain language on the face of the collection letter, CSI's July 15, 2019, letter to Plaintiff STANFIELD was CSI's first communication to Plaintiff STANFIELD.

21. CSI's July 15, 2019, letter to Plaintiff STANFIELD identified a "Balance Due" and "**Current Balance**" of $1,162.13. (Emphasis in original).

22. CSI's July 15, 2019, letter to Plaintiff STANFIELD identified "Interest: $0.00" and so-called "Other Charges: $0.00" above the "**Current Balance**" of $1,162.13. (Emphasis in original).

23. When Plaintiff STANFIELD read CSI's July 15, 2019, collection letter and its specific use of the phrase "**Current Balance**", Plaintiff STANFIELD reasonably interpreted the language of the letter to suggest that it was possible that the stated "**Current Balance**" could increase due to interest or so-called "other charges".

24. Nowhere did CSI's July 15, 2019, letter reasonably explain to Plaintiff STANFIELD (and other Consumers like him) that his debt to Capital One would or would not increase over time through the imposition of interest while the debt was being collected by CSI.

25. Nowhere did CSI's July 15, 2019, letter reasonably explain to Plaintiff STANFIELD (and other Consumers like him) that his debt to Capital One would or would not increase over time through the imposition of so-called "other charges" while the debt was being collected by CSI.

26. Defendant sent a standard form collection letter to Plaintiff KENYON in an attempt to collect defaulted credit card debts allegedly owed by Plaintiff KENYON to Capital One.

27. The collection letter sent to Plaintiff KENYON is dated February 25, 2019, and based upon certain language on the face of the collection letter, CSI's February 25, 2019, letter to Plaintiff KENYON was CSI's first communication to Plaintiff KENYON.

28. CSI's February 25, 2019, letter to Plaintiff KENYON identified a "Balance Due" and "**Current Balance**" of $442.74. (Emphasis in original).

29. CSI's February 25, 2019, letter to Plaintiff KENYON identified "Interest: $0.00" and so-called "Other Charges: $0.00" above the "**Current Balance**" of $442.74. (Emphasis in original).

30. CSI's February 25, 2019, letter to Plaintiff KENYON proposed an "**Account Resolution Offer**" in the amount of "**$222.00**" that Plaintiff was required to pay within 40 days of February 25, 2019. (Emphasis in original).

31. The details of Plaintiff KENYON'S so-called "Account Resolution Offer" stated "no interest will be added to your account balance through the course of Client Services, Inc. [sic] collection efforts conserving your account."

32. When Plaintiff KENYON read CSI's February 25, 2019, collection letter and its specific use of the phrase "**Current Balance**", Plaintiff KENYON reasonably interpreted the language of the letter to suggest that it was possible that the stated "**Current Balance**" could increase due to interest and so-called "other charges".

33. When Plaintiff KENYON read CSI's February 25, 2019, collection letter and its specific use of the phrase "**Current Balance**", Plaintiff KENYON reasonably interpreted the language of the letter to suggest that it was possible that the stated "**Current Balance**" could increase as a result of interest being added by CSI

34. CSI's February 25, 2019, letter to Plaintiff KENYON failed to adequately explain that interest would not accrue relative to the subject debt because information relative to the non-accrual of interest was only identified in relation to CSI's Account Resolution Offer, which Plaintiff was unable to partake in.

35. Nowhere did CSI's February 25, 2019, letter reasonably explain to Plaintiff KENYON (and other Consumers like her) that her debt to Capital One would or would not increase over time through the imposition of interest while the debt was being collected by CSI.

36. Nowhere did CSI's February 25, 2019, letter reasonably explain to Plaintiff KENYON (and other Consumers like her) that her debt to Capital One would or would not increase over time through the imposition of so-called "other charges" while the debt was being collected by CSI.

37. In contrast to a standard form collection letter sent to Plaintiff KENYON, Plaintiff STANFIELD'S collection letter did not state that "no interest will be added to your account balance through the course of Client Services, Inc. [sic] collection efforts conserving your account."

38. The form of CSI's standard form collection letter sent to Plaintiff STANFIELD was misleadingly and deceptively written to suggest to Consumers like Plaintiff that interest and so-called "other charges" could be added to the "Current Balance" of a Consumer's debt.

39. The form of CSI's standard form collection letter sent to Plaintiff KENYON was misleadingly and deceptively written to suggest to Consumers like Plaintiff that interest and so-called "other charges" could be added to the "Current Balance" of a Consumer's debt.

40. CSI's standard form collection letter that it sent to Plaintiff STANFIELD did not reasonably inform Plaintiff STANFIELD and other Consumers like that that they should call a toll-free number to obtain the most recent account balance to allow recipients to learn if their debt was accruing interest or so-called "other charges."

41. CSI's standard form collection letter that it sent to Plaintiff KENYON did not reasonably inform Plaintiff KENYON and other Consumers like her that that they should call a toll-free number to obtain the most recent account balance to allow recipients to learn if their debt was accruing interest or so-called "other charges."

42. The manner in which each standard form collection letter identifies $0.00 interest and $0.00 in so-called "Other Charges" violates Sections 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692g of the FDCPA because it was not clear to a Consumer like each Plaintiff whether Defendant would add interest or so-called "other charges" to either of the subject debts after the initial communication sent to each Plaintiff.

43. Based upon the inclusion of the potential interest and "other charges" and the fact that neither collection letter specifically disavowed the accrual of potential interest and "other

charges", it is plausible for both Plaintiffs (and Consumers) to understand their debts to be variable in character (subject to increase) as opposed to static (not-increasing over time)

44. The manner in which each standard form collection letter identified the possible imposition so-called "Other Charges" and failed to explain what this term meant, violates Sections 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692g of the FDCPA.

45. Based upon the wording of the subject form collection letters, Defendant reserved its purported right to add interest to the subject debts.

46. Based upon the wording of the subject form collection letters, Defendant reserved its purported right to add so-called "other charges" to the subject debts.

47. The subject form collection letters were mailed by Defendant to over forty persons throughout the United States.

48. The subject form collection letters were mailed by Defendant to over forty consumers throughout the United States.

49. The subject form collection letters were mailed by Defendant to over forty persons with California based addresses.

50. The subject form collection letters were mailed by Defendant to over forty consumers with California based addresses.

51. There are common questions of law and fact between Plaintiff's claims and those of the class.

52. Common issues predominate over any issues involving only individual putative class members .

53. The principal issues are; (a) whether the standard form collection letters' use of $0.00 "Interest" and $0.00 in so-called "Other Charges" violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA; and (b) whether the standard form collection letters violate

Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by failing to identify that recipients should call a toll-free telephone number to obtain an updated account balance.

54. Plaintiffs' claims are typical of the putative class members, as their claims are based upon standard form collection letter and the same facts and legal theories as the putative class members.

55. On information and belief, more than forty persons paid their debts after receiving and reading similar form collection letters where the persons wanted to avoid having their increase due to additional interest and other charges.

56. Plaintiffs will fairly and adequately protect the interests of the proposed Class.

57. Plaintiffs have retained counsel with experience in litigating, defending and settling consumer lawsuits and complex legal issues, and class actions.

58. Plaintiffs will zealously prosecute this civil action and have no interests antagonistic with the putative class members.

59. Plaintiffs' class counsel will zealously prosecute this civil action and has no interests antagonistic with the putative class members.

60. This action is brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because the use of a class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.

61. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

62. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of

inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

63. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

64. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the proposed Class predominate over any questions affecting an individual member, such that class action is superior to other available methods for the fair and efficient adjudication of the controversy.

65. Defendant has acted, or failed to act, on grounds generally applicable to the Rule 23(b)(l)(A) and 23(b)(2) Classes, thereby making appropriate final injunctive relief with respect to the Class as a whole.

66. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

67. The identities of the putative class members in both proposed classes are readily ascertainable from Defendant's records.

68. The proposed class can be defined as:

> All persons with California addresses who, one year prior to the filing of this civil action, were sent a standard form collection letter where the letter identified a "BALANCE DUE" where the letter also identified lines for "Interest" and "Other Charges" where the amounts were listed as $0.00 and the underlying accounts were not accruing any interest or so-called other charges.

**COUNT I - 15 U.S.C. § 1692e**

69. Plaintiff incorporates the above paragraphs into this Count.

70. Plaintiffs assert that the manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" violates Section 1692e of the FDCPA because the language constitutes a false, deceptive or misleading representation or means to collect a debt.

71. The manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" constitutes a false, deceptive or misleading representation or means to collect because:

   a. the standard form collection letter was misleadingly and deceptively written to suggest to Consumers like Plaintiff that interest and so-called and undefined "other charges" could be added to the "Current Balance" of a Consumer's debt';

   b. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through the imposition of interest while the debt was being collected by CSI;

   c. the standard form collection letter could have plausibly been read by Consumers to suggest that their debts to Capital One could increase over time through the imposition of interest after another collection agency took over the collection of the debt;

   d. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through the imposition of so-called "other charges" while the debt was being collected by CSI;

   e. the standard form collection letter did not reasonably inform Consumers that they should call a toll-free number to obtain the most recent account balance to allow recipients to learn if their debt was accruing interest or so-called "other charges";

   f. Defendant reserved its purported right to add interest to the subject debts; and

   g. Defendant reserved its purported right to add so-called "other charges" to the subject debts.

72. The above identified omissions and statements would have a material impact on Consumers like the Plaintiff who would be reading their collection letter shortly after their underlying debt had been assigned from Capital One to CSI for collection.

73. The elements of FRCP 23 can be satisfied as set forth above.

**Wherefore**, Plaintiffs and the putative class members are entitled to declaratory relief, statutory damages, actual damages and attorney's fees.

### COUNT II - 15 U.S.C. § 1692e(2)(A)

74. Plaintiff incorporates the above paragraphs into this Count.

75. Plaintiff asserts that the manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" violates Section 1692e(2)(A) of the FDCPA because the language constitutes a false representation regarding the character of the alleged debts.

76. The manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" violates Section 1692e(2)(A) of the FDCPA because:

   a. the standard form collection letter was misleadingly and deceptively written to suggest to Consumers like Plaintiff that interest and so-called and undefined "other charges" could be added to the "Current Balance" of a Consumer's debt';

   b. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through the imposition of interest while the debt was being collected by CSI;

   c. the standard form collection letter could have plausibly been read by Consumers to suggest that their debts to Capital One could increase over time through the imposition of interest after another collection agency took over the collection of the debt;

   d. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through the imposition of so-called "other charges" while the debt was being collected by CSI;

   e. the standard form collection letter did not reasonably inform Consumers that they should call a toll-free number to obtain the most recent account balance to allow recipients to learn if their debt was accruing interest or so-called "other charges";

   f. Defendant reserved its purported right to add interest to the subject debts; and

11

g. Defendant reserved its purported right to add so-called "other charges" to the subject debts.

77. Each of the above omissions or misstatements effected and impacted the character of the subject debt.

78. The above identified omissions and statements would have a material impact on Consumers like the Plaintiff who would be reading their collection letter shortly after their underlying debt had been assigned from Capital One to CSI for collection.

79. The elements of FRCP 23 can be satisfied as set forth above.

**Wherefore**, Plaintiffs and the putative class members are entitled to declaratory relief, statutory damages, actual damages and attorney's fees.

### COUNT III - 15 U.S.C. § 1692e(10)

80. Plaintiff incorporates the above paragraphs into this Count.

81. For the reasons set forth above, Plaintiff asserts that the quoted language violated of 15 U.S.C. § 1692e(10) of the FDCPA because the language constitutes a false representation or deceptive means to collect or attempt to collect a debt.

82. Defendant CIS violated § 1692e(10) of the FDCPA because:

   a. the standard form collection letter was misleadingly and deceptively written to suggest to Consumers like Plaintiff that interest and so-called and undefined "other charges" could be added to the "Current Balance" of a Consumer's debt';

   b. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through the imposition of interest while the debt was being collected by CSI;

   c. the standard form collection letter could have plausibly been read by Consumers to suggest that their debts to Capital One could increase over time through the imposition of interest after another collection agency took over the collection of the debt;

   d. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through

  the imposition of so-called "other charges" while the debt was being collected by CSI;

e. the standard form collection letter did not reasonably inform Consumers that they should call a toll-free number to obtain the most recent account balance to allow recipients to learn if their debt was accruing interest or so-called "other charges";

f. Defendant reserved its purported right to add interest to the subject debts; and

g. Defendant reserved its purported right to add so-called "other charges" to the subject debts.

83. The above identified omissions and statements would have a material impact on Consumers like the Plaintiff who would be reading their collection letter shortly after their underlying debt had been assigned from Capital One to CSI for collection.

84. The elements of FRCP 23 can be satisfied as set forth above.

**Wherefore**, Plaintiffs and the putative class members are entitled to declaratory relief, statutory damages, actual damages and attorney's fees.

### COUNT IV - 15 U.S.C. § 1692f

85. Plaintiff incorporates the above paragraphs into this Count.

86. Plaintiff asserts that the manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" violates Section 1692f of the FDCPA because the language constitutes the use of an unfair or unconscionable means to collect a debt.

87. The manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" violates Section 1692f of the FDCPA because:

a. the standard form collection letter was misleadingly and deceptively written to suggest to Consumers like Plaintiff that interest and so-called and undefined "other charges" could be added to the "Current Balance" of a Consumer's debt';

b. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through the imposition of interest while the debt was being collected by CSI;

    c. the standard form collection letter could have plausibly been read by Consumers to suggest that their debts to Capital One could increase over time through the imposition of interest after another collection agency took over the collection of the debt;

    d. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through the imposition of so-called "other charges" while the debt was being collected by CSI;

    e. the standard form collection letter did not reasonably inform Consumers that they should call a toll-free number to obtain the most recent account balance to allow recipients to learn if their debt was accruing interest or so-called "other charges";

    f. Defendant reserved its purported right to add interest to the subject debts; and

    g. Defendant reserved its purported right to add so-called "other charges" to the subject debts.

88. Each of the above omissions or misstatements effected and impacted the character of the subject debt.

89. These above identified omissions and statements would have a material impact on Consumers like the Plaintiff who would be reading their collection letter shortly after their underlying debt had been assigned from Capital One to CSI for collection.

90. The elements of FRCP 23 can be satisfied as set forth above.

**Wherefore**, Plaintiffs and the putative class members are entitled to declaratory relief, statutory damages, actual damages and attorney's fees.

### COUNT V - 15 U.S.C. § 1692g

91. Plaintiff incorporates the above paragraphs into this Count.

92. Section 1692g(a)(1) of the FDCPA provides as follows:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall,

> unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;

93. Plaintiff asserts that the manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" violates Section 1692g of the FDCPA because the manner in which the collection letters list these figures fails to adequately and accurately state the amount of the subject debt.

**Wherefore**, Plaintiffs and the putative class members are entitled to declaratory relief, statutory damages, actual damages and attorney's fees.

### COUNT VI – Violation of the RFDCPA vs. CSI

94. Plaintiff incorporates the above paragraphs into this Count.

95. Each Plaintiff is a "person" and "debtor" as defined by Cal. Civ. Code §§ 1788.2(g)-(h).

96. Each Plaintiff's debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

97. Defendant CSI is "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

98. Plaintiff asserts that the manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" violates the RFDCPA.

99. The manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" violates the RFDCPA because:

   a. the standard form collection letter was misleadingly and deceptively written to suggest to Consumers like Plaintiff that interest and so-called and undefined "other charges" could be added to the "Current Balance" of a Consumer's debt';

   b. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through the imposition of interest while the debt was being collected by CSI;

15

  c. the standard form collection letter could have plausibly been read by Consumers to suggest that their debts to Capital One could increase over time through the imposition of interest after another collection agency took over the collection of the debt;

  d. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through the imposition of so-called "other charges" while the debt was being collected by CSI;

  e. the standard form collection letter did not reasonably inform Consumers that they should call a toll-free number to obtain the most recent account balance to allow recipients to learn if their debt was accruing interest or so-called "other charges";

  f. Defendant reserved its purported right to add interest to the subject debts; and

  g. Defendant reserved its purported right to add so-called "other charges" to the subject debts.

100. Each of the above omissions or misstatements effected and impacted the character of the subject debt.

101. These above identified omissions and statements would have a material impact on Consumers like the Plaintiff who would be reading their collection letter shortly after their underlying debt had been assigned from Capital One to CSI for collection.

102. The elements of FRCP 23 can be satisfied as set forth above.

**Wherefore**, Plaintiffs and the putative class members are entitled to declaratory relief, statutory damages, actual damages and attorney's fees pursuant to Cal. Civ. Code § 1788.30(a), Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.30(c).

### COUNT VII – Violation of the RFDCPA vs. Credit One

103. Plaintiff incorporates the above paragraphs into this Count.

104. Each Plaintiff is a "person" and "debtor" as defined by Cal. Civ. Code §§ 1788.2(g)-(h).

105. Each Plaintiff's debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

106. Defendant CSI is "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

107. Defendant Capital One is a "creditor" as defined by Cal. Civ. Code § 1788.2(i).

108. *The* RFDCPA *applies to creditors. See, e.g., Thompson v. Chase Bank, N.A.*, 2010 WL 1329061, at *3 (S.D. Cal. March 30, 2010) (refusing to dismiss Rosenthal Act claims alleging that collection calls made on Easter Sunday, Memorial Day and Mothers' Day were at "inconvenient" or "unusual" times).

109. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17, states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

110. Plaintiff asserts that the manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" violates the RFDCPA.

111. The manner in which each collection letter identifies $0.00 "Interest" and $0.00 in so-called "Other Charges" violates the RFDCPA because:

    a. the standard form collection letter was misleadingly and deceptively written to suggest to Consumers like Plaintiff that interest and so-called and undefined "other charges" could be added to the "Current Balance" of a Consumer's debt';

    b. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through the imposition of interest while the debt was being collected by CSI;

    c. the standard form collection letter could have plausibly been read by Consumers to suggest that their debts to Capital One could increase over time through the imposition of interest after another collection agency took over the collection of the debt;

    d. the standard form collection letter failed to reasonably explain to Consumers that their debts to Capital One would or would not increase over time through

the imposition of so-called "other charges" while the debt was being collected by CSI;

e. the standard form collection letter did not reasonably inform Consumers that they should call a toll-free number to obtain the most recent account balance to allow recipients to learn if their debt was accruing interest or so-called "other charges";

f. Defendant reserved its purported right to add interest to the subject debts; and

g. Defendant reserved its purported right to add so-called "other charges" to the subject debts.

112. Each of the above omissions or misstatements effected and impacted the character of the subject debt.

113. These above identified omissions and statements would have a material impact on Consumers like the Plaintiff who would be reading their collection letter shortly after their underlying debt had been assigned from Capital One to CSI for collection.

114. The elements of FRCP 23 can be satisfied as set forth above.

**Wherefore**, Plaintiffs and the putative class members are entitled to declaratory relief, statutory damages, actual damages and attorney's fees pursuant to Cal. Civ. Code § 1788.30(a), Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.30(c).

## JURY DEMAND

Plaintiffs hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment as follows:

a. certify this action as a class action pursuant to the FDCPA and the Rosenthal Act;

b. appoint Plaintiffs as Class Representatives of the Class;

c. appoint Plaintiffs' attorneys as Class Counsel;

    d.  declare that Defendant CSI's actions violate the FDCPA;

    e.  award statutory damages against Defendant CSI pursuant to 15 U.S.C. § 1692k;

    f.  award statutory damages against Defendant CSI pursuant to the FDCPA;

    g.  award Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k;

    h.  declare that Defendant Capital One is liable to Plaintiffs and the Class Members and aware damages and fees pursuant to Cal. Civ. Code §§ 1788.30(a)-(c); and

    i.  issue all necessary declaratory and injunctive relief.

*Plaintiff demands a jury trial.*

Dated: September 20, 2019

Respectfully submitted,

Plaintiff DIANE K. KENYON and RICHARD W. STANFIELD, individually and on behalf of all others similarly situated,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda, Esq.
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com

/s/ James C. Vlahakis
James C. Vlahakis, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 581-5456
Facsimile: (630) 575-8188
Email: jvlahakis@sulaimanlaw.com
*Pro Hac Vice to be applied for*